UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN ANDREWS,
FDOC Inmate No. D17561,
    Plaintiff,

v.                                        Case No.:  3:23cv24175/MCR/ZCB

SECRETARY OF DOC, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections (FDOC). He filed this *pro se* lawsuit against the Secretary of the FDOC and the warden of Apalachee Correctional Institution on September 7, 2023. (Doc. 1). Plaintiff's complaint was accompanied by a motion to proceed *in forma pauperis* (IFP). (Doc. 2). Having reviewed the complaint and Plaintiff's litigation history, the undersigned recommends dismissal because Plaintiff is a "three-striker" who was required to pay the filing fee when he filed this lawsuit.

### I.    Discussion

Under the three strikes provision, a "prisoner" cannot proceed IFP in a civil action if he has "on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds

that it is frivolous, malicious, or fails to state a claim." 28 U.S.C. § 1915(g). A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The statute provides a narrow exception for instances where the prisoner is "under imminent danger of serious physical injury." *Id.*; *see also Daker v. Bryson*, 784 F. App'x 690, 692 (11th Cir. 2019) (explaining that the "sole exception to the three strikes bar is where the prisoner is under imminent danger of serious physical injury").

    A prisoner who is barred from proceeding IFP by § 1915(g) must pay the full filing fee when the lawsuit is filed. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit has explained that the "proper procedure is for the district court to dismiss the complaint without prejudice . . . pursuant to the three strikes provision of § 1915(g)." *Id.* According to *Dupree*, a prisoner cannot avoid dismissal by "simply pay[ing] the filing fee" at a later date because the fee was due "at the time he *initiate[d]* the suit." *Id.*; *see also Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates a lawsuit).

Here, Plaintiff is a "prisoner" who is subject to the three strikes rule. *See* 28 U.S.C. § 1915(g), (h). The Court has reviewed Plaintiff's litigation history in the Public Access to Court Electronic Records (PACER) database. PACER shows that Plaintiff (while a "prisoner") has previously filed at least three federal court actions that were dismissed for reasons that count as strikes.[1] More specifically:

- *Andrews v. Dade Cty. Corr.*, No. 1:11cv22784-KMM (S.D. Fla. Oct. 24, 2011) (dismissed for failure to state a claim);

- *Andrews v. Turner Guilford Knight Corr. Ctr.*, No. 1:12cv21106-JAL (S.D. Fla. Aug. 28, 2012) (dismissed for failure to state a claim); and

- *Andrews v. Gonzales*, No. 3:16cv185-HLA-JBT (M.D. Fla. Mar. 9, 2016) (dismissed for failure to state a claim).

In fact, the Middle District of Florida and this Court have previously recognized that Plaintiff is a three-striker in the following cases:

---

[1] Plaintiff in two of the three previously filed cases is identified as Inmate #D17561. Plaintiff identifies himself with that same inmate number in the present case. (Doc. 1 at 1). In *Andrews v. Dade Cty. Corr.*, No. 1:11cv22784-KMM (S.D. Fla. Oct. 24, 2011), however, Plaintiff listed his Miami-Dade County Department of Corrections Inmate number. Plaintiff has been found to be a three-striker in this Court and the Middle District of Florida. In every one of those cases, the court linked Plaintiff to *Andrews v. Dade Cty. Corr.*, No. 1:11cv22784-KMM (S.D. Fla. Oct. 24, 2011) despite the different inmate number. This was often because Plaintiff himself listed the case as a previous strike in his complaints.

- *Andrews v. Herring*, No. 3:19cv1050-MMH-PDB (M.D. Fla. Sept. 12, 2019) (Doc. 4);

- *Andrews v. Corizon Health, Inc.*, No. 3:16cv640-BJD-JBT (M.D. Fla. Dec. 21, 2016) (Doc. 28);   and

- *Andrews v. Spanos*, No. 4:19cv437-MW-MJF (N.D. Fla. Oct. 25, 2019) (Docs. 8, 10).

Because Plaintiff had three strikes when he commenced this case, he was required to pay the $402.00 filing fee at the time of filing his complaint. He failed to do so.[2]

---

[2] Plaintiff asserts that he has only two prior strikes and that a judge in the Middle District of Florida held that he was not a three-striker. (Doc. 1 at 4). Plaintiff is incorrect. Plaintiff made a similar argument in a previous case in which he was found to be a three-striker. In *Andrews v. Herring*, No. 3:19cv1050-MMH-PDB, Plaintiff filed a "Motion to Correct Conflicting Judgment." (Case No. 3:19cv1050-MMH-PDB, Doc. 6). In that motion, Plaintiff claimed that Judge Timothy Corrigan of the Middle District previously determined that he was not a three-striker. (*Id.*). Plaintiff attached to that motion an order from a 2015 Middle District case, *Andrews v. Moore*, No. 3:15cv881-TJC-JRK, in which defendants sought to count as a strike a 2013 case Plaintiff filed in state court that was removed to federal court and resolved on summary judgment. Judge Corrigan ruled that the 2013 case did not count as a strike. (Case No. 3:15cv881-TJC-JRK, Doc. 20). Nevertheless, Plaintiff accrued a third strike in Case No. 3:16cv185-HLA-JBT, years *after* Judge Corrigan's order. Thus, any argument Plaintiff is not a three-striker because of Judge Corrigan's order is meritless.

Plaintiff's complaint fails to establish that he is "under imminent danger of serious physical injury" as required for the exception in § 1915(g) to apply. Plaintiff's complaint is based on two incidents that allegedly occurred on April 27 & 28, 2023—over four months before Plaintiff filed his complaint in this case. Plaintiff's complaint does not include allegations that he is likely to suffer similar harm in the future or that he is currently under imminent danger of serious physical injury. *See, e.g.*, *Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) ("An allegation of past imminent danger will not invoke the 'imminent danger' exception."). Moreover, the incidents occurred while Plaintiff was at Apalachee Correctional Institution. Plaintiff is no longer at Apalachee Correctional Institution and has been transferred to Walton Correctional Institution. *Id.* (holding the plaintiff was not in imminent danger of serious physical injury when his complaint alleged he suffered attacks from his cell mate and the failure of prison officials to protect him because he was transferred out of the facility where the attacks occurred). Dismissal without prejudice is, therefore, appropriate. *See Dupree*, 284 F.3d at 1236-37.

## II. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. § 1915(g) because Plaintiff is a "three-striker" who failed to pay the filing fee when this case was initiated; and

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 14th day of September 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**